BIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**PAT PELLIGRINI FLOORING
CORPORATION,**

          Plaintiff,

      v.

**ITEX CORPORATION, NYTO TRADE
INCORPORATED, JOHN CASTORO,
and IZZY GARCIA,**

          Defendants.

No. CV 09-376-AC

OPINION AND ORDER

**MOSMAN, J.**,

On February 9, 2010, Magistrate Judge Acosta issued Findings and Recommendation

("F&R") (#49) recommending that plaintiff Pat Pelligrini Flooring Corporation's ("PPF's")

Motion to Amend the Complaint (#23) be granted, that defendant ITEX Corporation's Motion to

Dismiss (#30) be denied with regard to PPF's first claim for breach of contract and granted with

regard to PPF's other four claims, and that the defendants NYTO Trade Incorporated, John

Castoro, and Izzy Garcia's ("the NYTO defendants'") Motion to Dismiss for Lack of Personal

Jurisdiction (#4) be denied but granted with regard to NYTO and Mr. Castoro based on

insufficient service. ITEX and the NYTO defendants filed objections to the F&R ((#52) &

(#51)), which incorporated by reference the briefing, declaration and exhibits submitted to and

considered by Judge Acosta. PPF filed responses to the objections ((#54) & (#55)).

## DISCUSSION

I.    <u>**Standards of Review**</u>

    A.    *Non-Dispositive Motions*

Parties may timely file objections to a magistrate's order for non-dispositive, pretrial

matters.  Fed. R. Civ. P. 72(a).  On review of the magistrate's order, the district court must

"modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R.

Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  There is clear error when the court is "left with

the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532

U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

This standard of review reflects the broad discretion accorded to magistrate judges on pretrial

matters.  *See, e.g.*, *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (stating that

questions of law are reviewed de novo, while pretrial motions—such as discovery matters—are

evaluated under the clearly erroneous standard of review) (citations omitted).

    B.    *Dispositive Motions*

With respect to dispositive motions, the magistrate judge makes only recommendations to

the court, to which any party may file written objections.  The court is not bound by the

recommendations of the magistrate judge, but retains responsibility for making the final

determination.  The court is generally required to make a de novo determination of those portions

of the report or specified findings or recommendation as to which an objection is made.  28

U.S.C. § 636(b)(1)(C).  However, the court is not required to review, de novo or under any other

standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R

to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  While the level of scrutiny under

PAGE 2 OPINION AND ORDER

which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R.  28 U.S.C. § 636(b)(1)(C).

## II.    Conclusion

Upon review, I agree with Judge Acosta's recommendations as to both the non-dispositive motion to amend and the dispositive motions to dismiss, and I ADOPT Judge Acosta's Findings and Recommendation (#49) as my own opinion. PPF's Motion to Amend the Complaint (#23) is GRANTED, subject to the condition that PPF's second amended complaint shall include the language of paragraph 37 of the Amended Complaint. ITEX's Motion to Dismiss (#30) is DENIED with respect to PPF's first claim for breach of contract and GRANTED with respect to PPF's other four claims. The NYTO defendants' Motion to Dismiss (#4) is GRANTED IN PART AND DENIED IN PART. The motion is denied with regard to the motion to dismiss for lack of personal jurisdiction, but granted with regard to NYTO and Mr. Castoro's motion to dismiss for insufficient service.

IT IS SO ORDERED.

DATED this   16th   day of March, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court